UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Criminal Action No. 19-328 (SRC) |
| Plaintiff, | : | OPINION & ORDER |
| v. | : |  |
| MICHAEL CALOURO, | : |  |
| Defendant. | : |  |

**CHESLER**, District Judge

    This matter comes before the Court on the motion for early termination of supervised release by Defendant Michael Calouro ("Calouro"). For the reasons stated below, the motion will be denied.

    On October 22, 2019, Calouro pled guilty to one count of attempted bank robbery in violation of 18 U.S.C. § 2113(a). On January 28, 2020, this Court sentenced Calouro to 57 months' imprisonment and 3 years' supervised release. (ECF No. 23). This sentence was crafted in consideration of his criminal history as well as his making of a death threat against a bank teller in connection with the underlying offense. See Pre-Sentencing Report at ¶ 18. Calouro now moves for early termination of his 3-year term of supervised release primarily on the grounds that his supervised status has presented an obstacle to his obtaining a job as a commercial truck driver. (ECF No. 30 at p.3). The United States ("the Government") opposes Calouro's request, arguing that early termination would not be in the interests of justice. (ECF No. 31). The United States Probation Office for the District of New Jersey ("Probation") does not oppose Calouro's request.

The Court may terminate a term of supervised release pursuant to 18 U.S.C. § 3583(e). The relevant statutory provision provides that:

> The court may, after considering the factors set forth in section 3553 (a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7) –
>
> (1) terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

The Court may only provide relief if, after considering the Section 3553(a) factors, "it is satisfied that early termination is warranted by the defendant's conduct and is in the interest of justice." United States v. Melvin, 978 F.3d 49, 52 (3d Cir. 2020). The Court "enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." Id. The Court is not required to make specific findings of fact; a statement that the Court has considered the statutory factors is sufficient. Id. at 53. "[E]xtraordinary circumstances may be *sufficient* to justify early termination of a term of supervised release, but they are not *necessary* for such termination." Id. (citing United States v. Murray, 692 F.3d 273, 279 (3d Cir. 2012)) (emphasis in original). However, "generally, early termination of supervised release under § 3883(e)(1) will be proper only when the sentencing judge is satisfied that new or unforeseen circumstances warrant it." Id. (quoting United States v. Davis, 746 F. App'x 86, 89 (3d Cir. 2018)) (internal quotations and modifications omitted). The defendant has the burden to prove that early termination is warranted. United States v. McDowell, 888 F.2d 285, 291 (3d Cir. 1989).

Considering the factors stated in 18 U.S.C. § 3553, this Court concludes that early termination of supervised release is not warranted by the conduct of Defendant and is not in the interest of justice. To begin, Calouro argues (and Probation agrees) that he has been fully compliant with the terms of his supervised release. However, "a defendant's routine compliance with the

2

terms of supervision, although commendable . . . is precisely what is expected of a defendant," so this does not militate in favor of granting Calouro's motion. <u>United States v. Hou</u>, 20-0780, 2022 WL 2671130, at *3 (D.N.J. Apr. 6, 2021). Additionally, the fulfillment of Calouro's term of supervised release is necessary to reflect the seriousness of his office and the need to deter future conduct. <u>See</u> (ECF No. 31 at pp.3-4) (detailing Calouro's criminal history and the nature of the underlying offense). Regarding Calouro's main argument for early termination—that his status has prevented him from obtaining work as a commercial truck driver—the Government and Probation note that Calouro has not raised this issue with Probation and that several other supervisees are employed as truck drivers. (ECF No. 31 at p.4). Together with the fact that Calouro is gainfully employed, this seriously undercuts Calouro's argument that his inability to obtain employment as a truck driver is a reason for early termination. Calouro also notes in his request that he is six years sober after a long struggle with PCP addiction. (ECF No. 30 at p.2). The Court commends Calouro on this achievement, but it does not militate in favor of granting early termination. Quite the contrary, as the Government notes, "supervision appears to be ***aiding*** Calouro in combating his addiction." (ECF No. 31 at p.4) (emphasis in original). Ending Calouro's supervision after only sixteen months would not aid Calouro's sobriety and thus does not comport with the interests of justice. Finally, Calouro has not argued that a change in circumstances militates in favor of granting early termination. While the Court is not required to find such a change in circumstances, <u>see</u> <u>Melvin</u>, 978 F.3d at 53, in the absence of such a change, there are no affirmative reasons to find that a modification of Calouro's supervised release is warranted or in the interest of justice.

\*   \*   \*

For these reasons,

**IT IS** on this 26th day of June, 2024

**ORDERED** that Defendant Michael Calouro's motion for early termination of supervised release (Docket Entry No. 30) is **DENIED**.

                                                          s/Stanley R. Chesler
                                              STANLEY R. CHESLER, U.S.D.J.

Dated: June 26, 2024